IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM McKNIGHT,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0143 |
| | : | |
| **McDOWELL,** *et al.* | : | |
|     Defendants. | : | |

## ORDER

**AND NOW**, this 13th day of May, 2024, upon consideration of Plaintiff William McKnight's Motion for Extension of Time Nunc Pro Tunc (ECF No. 7), his Prisoner Trust Fund Account Statement (ECF No. 8), and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. The Motion for Extension of Time Nunc Pro Tunc is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to **REOPEN** this case.

3. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

4. Williams McKnight's, #711958, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Philadelphia Detention Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to McKnight's inmate account; or (b) the average monthly balance in McKnight's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in McKnight's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments

to the Clerk of Court equaling 20% of the preceding month's income credited to McKnight's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

5. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Philadelphia Detention Center.

6. The Complaint is **DEEMED** filed.

7. The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

8. McKnight may file an amended complaint within thirty (30) days of the date of this Order.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for McKnight's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, McKnight should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9. The Clerk of Court is **DIRECTED** to send McKnight a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. McKnight may use this form to file his amended complaint if he chooses to do so.

10. If McKnight does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil

action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

11.  If McKnight fails to file any response to this Order, the Court will conclude that McKnight intends to stand on his Complaint and will issue a final order dismissing this case. *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, C.J.**
3